PROB 12C
(Rev.2011)

# United States District Court
## for
## Middle District of Tennessee

### Fifth Superseding Petition for Warrant for Offender Under Supervision
### [Supersedes Petition Filed as Docket Entry No. 261]

Name of Offender: <u>Daniel Collins</u>  Case Number: <u>3:04-00062-04</u>
Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>
Date of Original Sentence: <u>September 26, 2005</u>
Original Offense: <u>Unlawful Carry of Destructive Device (Molotov Cocktail) During and in Relation to a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)</u>
Original Sentence: <u>10 years' custody, followed by 5 years' supervised release</u>
Type of Supervision: <u>Supervised Release</u>  Date Supervision Commenced: <u>September 11, 2013</u>
Assistant U.S. Attorney: <u>Henry Laventis</u>  Defense Attorney: <u>Mariah Wooten</u>

### PETITIONING THE COURT

____ To issue a Summons.   __X__ To Consider Additional Violations / Information

____ To issue a Warrant and To Consider Additional Violations / Information

**THE COURT ORDERS:**
☐ No Action
☐ The Issuance of a Warrant and Consider Additional Violations / Information
  ☐ Sealed Pending Warrant Execution
  (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☒ To Consider Additional Violations/Information
☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Considered this __23__ day of __June__, 2016 and made a part of the records in the above case.

/s/ Vidette Putman
Supervisory U.S. Probation Officer

Place   Nashville, TN

Todd J. Campbell
U.S. District Judge

Date   June 23, 2016

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. __261__, has been amended as follows:

1. **Violation #10 - Modified to indicate warrant has been issued.**
2. **Violation #12 - Last sentence removed.**
3. **Violation #14 - Modified to indicate failure to appear warrant issued.**
4. **Compliance with Supervision Conditions and Prior Interventions revised and updated.**
5. **Sentencing Recommendation page corrected.**
6. **Probation Officer submitting petition revised.**
7. **Offender custodial status added.**


The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state, or local crime.**

Daniel Collins was arrested on September 11, 2014, in Dickson, Tennessee, for Simple Assault.

According to the affidavit of complaint, the police made contact with Gavin Fitch at the Dickson Police Department. Mr. Fitch stated that on the night of July 4, 2014, he was approached by Daniel Collins, a boyfriend of one of his fellow employees at Dunkin Donuts, accusing him of talking badly to his girlfriend, Jamie Trammell. Mr. Fitch stated Daniel Collins got in his face and threatened him.

Mr. Fitch wrote the following statement:

"On July 4th at 9:30 I was approached by Daniel Collins. Feeling threatened I continued to my car but was followed and talked to by Mr. Collins. He spoke harshly to me at a close distance telling me he would knock my fucking teeth in. I went into my car and attempted to close my door only to be stopped by Mr. Collins. I finally closed my door waited for him to move and went straight home."

Mr. Fitch stated that Jamie Trammell is also an employee at Dunkin Donuts. He described Mr. Collins as a white male in his thirties. At the time of the report, the police could not confirm the identity of Daniel Collins. Mr. Fitch stated that he wanted to pursue charges against Mr. Collins for assault whenever his identity could be verified.

This charge was dismissed on December 4, 2014.

2.   **The defendant shall not commit another federal, state, or local crime.**

Daniel Collins was cited on July 25, 2014, in Dickson, Tennessee, for Driving on a Suspended License, Failure to Exercise Due Care, and Violation of the Financial Responsibility Law.

According to the citation for Driving on a Suspended License, on July 14, 2014, Daniel Collins was the operator of a vehicle and was transported to Vanderbilt University Medical Center with a severe head injury. A check of his driver's license status showed that his license was suspended.

According to the citation for Failure to Exercise Due Care and Violation of the Financial Responsibility Law, on July 14, 2014, Daniel Collins was the operator of a vehicle that was involved in an injury crash when the vehicle struck a utility pole. Daniel Collins was also uninsured.

On September 18, 2015, Mr. Collins pled guilty to Driving on a Revoked License. He was sentenced to 6 months' custody, sentence suspended, and he was placed on supervised probation. He also pled guilty to Violation of the Financial Responsibility Act and was fined $50 plus court costs. The charge of Failure to Exercise Due Care was dismissed.

**3.** **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

Mr. Collins failed to notify the probation officer of his arrest for Assault and for the citations for Driving on a Suspended License, Failure to Exercise Due Care, and Violation of the Financial Responsibility Law.

The U.S. Probation Office was notified that Mr. Collins had contact with law enforcement in Dickson County, Tennessee, on August 7, 2015, regarding a domestic assault allegation. Mr. Collins failed to notify the probation officer of his contact with law enforcement. Following an investigation, a magistrate judge in Dickson County Municipal Court refused to issue a warrant.

**4.** **The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance except as prescribed by a physician.**

Daniel Collins tested positive for marijuana on March 17, 2015, and May 14, 2015.

**5.** **The defendant shall participate in further dual treatment for drug addiction and psychological counseling at the direction of the probation officer.**

According to the mental health treatment provider, Daniel Collins has not attended mental/substance abuse treatment since November 2014.

Mr. Collins attended counseling sessions on March 2, 2015, and December 28, 2015, he has failed to attend any other sessions, as he is directed to attend two counseling sessions per month.

**6.** **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation office.**

Daniel Collins married Jayme Trammell, a convicted felon, on February 2, 2015, without permission from the probation office.

**7.**	**The defendant shall notify the probation office at least 10 days prior to any change in residence or employment.**

Daniel Collins moved from 980 Yellow Creek Road, Dickson, Tennessee, to 155 Sam Hollow Road, Dickson, Tennessee, without notifying the probation office prior to doing so.

**8.**	**The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation office.**

Following the positive urine screen collected on March 17, 2015, Daniel Collins admitted to associating with other people who were using marijuana.

**9.**	**The defendant shall not commit another federal, state, or local crime.**

Daniel Collins was arrested on April 30, 2015, in Dickson, Tennessee, for Theft of Property. The value of the property is between $1,000 and $10,000. He was released on a $5,000 bond on the same date. According to the Dickson County Circuit Court Clerk's Office, this charge was dismissed on September 8, 2015.

According to court records on April 20, 2015, in Dickson County Circuit Court in Dickson, Tennessee, and prior to the filing, Daniel B. Collins did unlawfully and feloniously obtain or exercise control over property, to wit: one (1) electric wheelchair, over the value of $1,000 but less than $10,000 without the effective consent of James L. Davidson with intent to deprive said James L. Davidson, thereof.

**10.**	**The defendant shall not commit another federal, state, or local crime.**

Daniel Collins was arrested in Dickson County, Tennessee, on August 19, 2015, after being indicted in Dickson County Circuit Court on August 18, 2015, for one count of Theft and five counts of Fraudulent Use of a Credit Card.

The allegations in the indictment are as follows:

On or about May 21, 2015, in Dickson County, Tennessee, Jayme Lee Trammell and Daniel Bruce Collins stole a Bank of Perry County Visa Check Card, belonging to Tammy Herrera, and purchased various items from Walmart Supercenter, Hobby Lobby, Petco, Redbox, and Phillips 66. The total value of the items purchased is $693.88.

On January 15, 2016, Count 1 (Theft) was nolled. As to Count 2 (Fraudulent Use of a Credit Card), the defendant pled guilty and was sentenced to 11 months and 29 days, suspended after 60 days; fined $200; and ordered to pay costs and $693.88 restitution. He was ordered to report to jail on January 20, 2015, at 7:00 p.m. The defendant was convicted of Count 3 (Fraudulent Use of a Credit Card) and sentenced to 11 months and 29 days, suspended; consecutive to Count 2; fined $100; and ordered to pay $693.88 restitution and costs. As to Count 4 (Fraudulent Use of a Credit Card), he was sentenced to 11 months and 29 days, suspended; concurrent with Count 3; fined $100; and ordered to pay $693.88 restitution and costs. Counts 5 and 6 (Fraudulent Use of a Credit Card) were nolled.

It should be noted that Daniel Collins failed to report to Dickson County Jail on January 20, 2015, to serve the ordered 60-day sentence. **A failure to appear warrant was issued.**

**11.**     **The defendant shall participate in a program of random drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.**

Daniel Collins failed to show for urine screens on April 7, 2015, July 14, 2015, and August 13, 2015. Daniel Collins failed to show for urine screens on September 24, 2015, and October 15, 2015.

Mr. Collins failed to show for urine screens on December 8, 2015, January 17, 2016, and February 23, 2016.

**12.**     **The defendant shall not commit another federal, state, or local crime.**

Daniel Collins was arrested on September 11, 2015, Dickson County, Tennessee, for Driving on a Suspended Licence.

According to the incident report, on September 11, 2015, a Dickson County police officer observed Daniel Collins driving a green Lincoln Towncar displaying Tennessee tag number T8485A. The police officer had prior knowledge that Daniel Collins' driver's license was suspended. The officer confirmed this.

According to Dickson County Municipal Court Clerk's Office, Mr. Collins failed to appear in court on January 25, 2016, as ordered. On February 25, 2016, the Dickson County Municipal Court Clerk's Office advised that a failure to appear warrant was issued on February 12, 2016.

**13.**     **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

Mr. Collins failed to notify the probation officer regarding the aforementioned law enforcement contact on September 11, 2015, within the required 72-hour period.

**14.**     **The defendant shall not commit another federal, state, or local crime.**

Daniel Collins was arrested on January 27, 2016, in Hickman County, Tennessee, for Assault.

According to the affidavit of complaint, police were dispatched to Riggs Auto Mart regarding threats being made. Contact was made with Bridget Darwin (witness), Raymond Canter (victim), and David Riggs Jr. (victim). David Riggs advised the officer that Daniel Collins' vehicle had been repossessed by Raymond Canter due to being behind in payments. Jayme Trammell Collins called the dealership and told Bridget Darwin they were coming to get their belongings out of the vehicle and Raymond Canters should leave because she was afraid Daniel Collins might do something "stupid."

    Daniel Collins arrived at the dealership with Jayme Trammell Collins and James William Dillard, Jr. David Riggs stated Daniel Collins entered Riggs Auto Mart and was yelling and cursing. He wanted David Riggs to step outside to fight. David Riggs refused and told them to leave or police would be called.

    Bridget Darwin went outside with trash bags to help them clear their belongings from the vehicle. Ms. Darwin witnessed Daniel Collins saying that he was going home to get a gun and put a hole in the heads of David Riggs and Raymond Canter.

    Mr. Collins was released on a $2,500 bond on January 27, 2016. He was scheduled to appear in court on February 17, 2016. According to the Hickman County General Sessions Court Clerk's Office, Mr. Collins failed to appear as directed. **A failure to appear warrant has been issued.** No new court date has been scheduled and this case remains unresolved.

**15.**　　　　**The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.**

    Daniel Collins failed to notify the probation officer of his arrest for Assault.

## Compliance with Supervision Conditions and Prior Interventions:

Daniel Collins was released to supervision on September 11, 2013. He was diagnosed as bipolar with severe depression prior to his incarceration for the instant offense.

Daniel Collins tested positive for marijuana on December 3, 2013. This violation was reported to the Court on January 10, 2014, with a request that Mr. Collins be referred for treatment and that no additional action be taken. The Court granted this request on January 14, 2014.

An assessment was completed at Centerstone on April 1, 2014, and the therapist recommended that Mr. Collins receive individual counseling sessions to address both substance abuse and mental health issues. Mr. Collins was referred for treatment as recommended.

Mr. Collins tested positive for marijuana on April 8, 2014. This violation was reported to the Court in a petition dated May 8, 2014, with a request for no additional action. The Court granted this request on May 9, 2014.

Mr. Collins is enrolled in counseling at Centerstone.

Mr. Collins stated that he was unaware that he was required to notify the probation office within 72 hours of being arrested or questioned by a law enforcement officer when confronted by the probation officer for failing to do so.

On October 8, 2014, the original "Petition for Warrant for Offender Under Supervision" was filed with the Court charging three violations, and a summons was issued. The summons was executed on October 16, 2014. Mr. Collins appeared in Court pursuant to the summons and was released on October 22, 2014, on all previously imposed conditions pending the revocation hearing.

A home contact was attempted on January 28, 2015. Upon arrival at his last reported residence, it was found to be unoccupied. Mr. Collins did not obtain permission to move from the probation office prior to doing so.

Mr. Collins reported to the probation office that he married Jayme Trammell on February 2, 2015. Mr. Collins advised that he married Ms. Trammell because he was aware that she was a convicted felon and their continued association would be prohibited.

According to the treatment provider at Centerstone, Mr. Collins has not attended any treatment sessions since November 2014. He has scheduled, cancelled, or failed to show for several appointments.

According to the treatment provider, Mr. Collins attended a therapy session on March 2, 2015.

The undersigned probation officer and the Supervisory U.S. Probation Officer Vidette Putman met with Mr. Collins on April 8, 2015, to address noncompliance issues. The conditions of supervision were reviewed again with Mr. Collins at this meeting. He indicated his understanding of his conditions. We specifically discussed his treatment and his need to keep his appointments. Mr. Collins advised that he had scheduled a therapy appointment at Centerstone for April 13, 2015. Mr. Collins failed to keep the appointment. He also failed to keep an appointment scheduled for April 24, 2015.

Mr. Collins worked at Shell 48, in Dickson, Tennessee, in March and April of 2015. He reported that he quit in April 2015.

Mr. Collins reported the April 30, 2015, arrest for Theft, to the probation office in a timely manner. He did not admit committing the offense. As previously indicated, **this case was dismissed**.

A Superseding Petition was submitted to the Court dated May 22, 2015, providing updated information and adding several violations. The Court signed the Superseding Petition on May 29, 2015.

Daniel Collins stated that transportation issues prevented him from reporting for scheduled urine screens.

As previously indicated, Mr. Collins failed to notify the probation officer within the required 72-hour period regarding his contact with law enforcement on August 7, 2015, in connection with a domestic assault allegation.

A Second Superseding Petition dated August 24, 2015, was submitted to the Court providing updated information and adding additional violations. The Court signed the Second Superseding Petition on August 25, 2015.

As previously indicated, Daniel Collins was arrested for driving on a suspended license on September 21, 2015. He failed to report his arrest to the probation office within the required 72-hour period. Mr. Collins failed to report for urine screens on September 24, 2015, and October 15, 2015.

A Third Superseding Petition dated October 21, 2015, was submitted to the Court providing updated information and additional violations. The Court signed the Third Superseding Petition on October 22, 2015.

As previously indicated, Daniel Collins was convicted on three counts of fraudulent use of a credit card on January 15, 2015, in Dickson County Circuit Court. Mr. Collins failed to report to serve the ordered 60-day sentence. **A failure to appear warrant was issued in Dickson County.**

Mr. Collins failed to appear in Dickson County Municipal Court on January 25, 2016, regarding the arrest on September 11, 2015, for driving on a suspended license.

**As noted earlier,** Daniel Collins was arrested in Hickman County, Tennessee, for assault on January 27, 2016. He failed to report his arrest to the probation office as required. Mr. Collins also failed to appear in court regarding the aforementioned charge. **A failure to appear warrant has been issued.** No new court date has been scheduled as of the date of this writing.

The revocation hearing was reset from January 21, 2016, to May 2, 2016, because Mr. Collins was ordered to surrender to serve a 60 day sentence on January 20, 2016, and would have been in custody. He failed to report to begin serving the sentence as ordered.

**A Fourth Superseding Petition dated March 2, 2016, was submitted to the Court providing updated information regarding pending charges, as well as information regarding the offender's continued failure to attend treatment, his failure to submit random urinalysis testing, his arrest for an assault charge, and his failure to notify the probation office of his arrest. The probation office requested the Court issue a warrant and consider additional violation/information. A warrant was issued on March 3, 2016. On May 2, 2016, a revocation hearing was held, and Mr. Collins failed to appear. The Court issued a warrant based on Mr. Collins' failure to appear. Mr. Collins was arrested on May 23, 2016. On May 26, 2016, the defendant waived his detention hearing, and he remains in custody.**

**Mr. Collins is currently in custody.**

### Update of Offender Characteristics:

**There is no additional information relevant to this section that has not already been provided in this petition.**

### U.S. Probation Officer Recommendation:

**It is respectfully that the Court consider the additional violation/information at the revocation hearing.**

**This matter has been reported to the Assistant U.S. Attorney, who concurs with the recommendation.**

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. DANIEL COLLINS, CASE NO: 3:04-00062-04

GRADE OF VIOLATION:     C
CRIMINAL HISTORY:       II

ORIGINAL OFFENSE DATE:     POST APRIL 30, 2003     PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 5 years (Class A felony) *18 U.S.C. § 3583(e)(3)* | 4-10 months | No recommendation |
| SUPERVISED RELEASE: | 60 months | 5 years less any term of imprisonment *18 U.S.C. 3583(h)* | No recommendation |

<u>Statutory Provisions:</u> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

<u>Guideline Policy Statements:</u> Upon a finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1).

Respectfully Submitted,

*/s/ Paul Montgomery*
Vidette Putman
**Supervisory U.S. Probation Officer**